HAMILTON, Circuit Judge,
concurring.
I join Judge Kanne’s opinion for the court but wish to add a note of caution. The plaintiffs in this case were students who participated in track and field at the University of Pennsylvania. Like other Ivy League schools, Penn does not offer athletic scholarships. Also, as far as I know, track and field is not a “revenue” sport at Penn or any other school. In this case, therefore, the economic reality and the sometimes frayed tradition of amateurism both point toward dismissal of these plaintiffs’ claims. See generally, e.g., O’Bannon v. National Collegiate Athletic Ass’n, 802 F.3d 1049, 1054-55 (9th Cir. 2015) (holding that NCAA compensation rules for Division I men’s basketball players and Football Bowl Subdivision football players violated federal antitrust laws).
Because the plaintiffs in this case did not receive athletic scholarships and participated in a non-revenue sport, they pursued a broad theory. The logic of their claim would have included not only any college athlete in any sport and any NCAA division, but also college musicians, actors, journalists, and debaters. That broad theory is mistaken, as Judge Kanne’s opinion explains. I am less confident, however, that our reasoning should extend to students who receive athletic scholarships to participate in so-called revenue sports like Division I men’s basketball and FBS football. In those sports, economic reality and the tradition of amateurism may not point in the same direction. Those sports involve billions of dollars of revenue for colleges and universities. Athletic scholarships are limited to the cost of attending school. With economic reality as our guide, as I believe it should be, there may be room for further debate, perhaps with a developed factual record rather than bare pleadings, for cases addressing employment status for a variety of purposes.